# EXHIBIT A



# Notice of Service of Process

NJH / ALL
**Transmittal Number: 17369223**
**Date Processed: 11/07/2017**

| | |
|---|---|
| **Primary Contact:** | Malini Moorthy<br>Bayer Corporation<br>100 Bayer Road<br>Pittsburgh, PA 15205-9741 |
| **Electronic copy provided to:** | Kayla Dingman<br>Aggie Markanich<br>Jennifer Makuch<br>Romaine Fulton<br>Ana Hartner |

| | |
|---|---|
| **Entity:** | Bayer U.S. LLC<br>Entity ID Number  2486747 |
| **Entity Served:** | Bayer U.S. LLC |
| **Title of Action:** | Dakota M. Douglas vs. Bayer U.S. LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17880460 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/07/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shaun Setareh<br>310-888-7771 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BAYER U.S. LLC, a Delaware limited liability company;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAKOTA M. DOUGLAS, on behalf of himself, all others similarly situated,

**FILED BY FAX**
ALAMEDA COUNTY

October 27, 2017

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* George F. McDonald Hall of Justice<br>2233 Shoreline Drive<br>Alameda, California 94501 | CASE NUMBER:<br>*(Número del Caso):*<br>RG17880460 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* October 27, 2017 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bayer U.S. LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code 17061 (limited liability company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Douglas v. Bayer U.S. LLC | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BAYER CORPORATION, an Indiana corporation; BAYER BUSINESS AND TECHNOLOGY
SERVICES, LLC, a Texas limited liability company; and DOES 1 through 50, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**



# Notice of Service of Process

**NJH / ALL**
**Transmittal Number: 17369249**
**Date Processed: 11/07/2017**

| | |
|---|---|
| **Primary Contact:** | Malini Moorthy<br>Bayer Corporation<br>100 Bayer Road<br>Pittsburgh, PA 15205-9741 |
| **Electronic copy provided to:** | Ana Hartner<br>Romaine Fulton<br>Jennifer Makuch<br>Kayla Dingman<br>Aggie Markanich |

| | |
|---|---|
| **Entity:** | Bayer Corporation<br>Entity ID Number  2486849 |
| **Entity Served:** | Bayer Corporation |
| **Title of Action:** | Dakota M. Douglas vs. Bayer U.S. LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17880460 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/07/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shaun Setareh<br>310-888-7771 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BAYER U.S. LLC, a Delaware limited liability company;
(Additional Parties Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAKOTA M. DOUGLAS, on behalf of himself, all others similarly
situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

October 27, 2017

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* George F. McDonald Hall of Justice | *(Número del Caso):* |
| 2233 Shoreline Drive | **RG17880460** |
| Alameda, California 94501 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771

DATE:                                          Clerk, by _____, Deputy
*(Fecha)* October 27, 2017              *(Secretario)*                        *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Bayer Corporation, an Indiana corporation

   under: [X] CCP 416.10 (corporation)            [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)    [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Douglas v. Bayer U.S. LLC | |

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

BAYER CORPORATION, an Indiana corporation; BAYER BUSINESS AND TECHNOLOGY
SERVICES, LLC, a Texas limited liability company; and DOES 1 through 50, inclusive,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**FILED BY FAX**
ALAMEDA COUNTY

October 27, 2017

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG17880460**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  H. Scott Leviant (SBN
   scott@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   DAKOTA M. DOUGLAS
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ALAMEDA

11

12  DAKOTA M. DOUGLAS, on behalf of        Case No.
    himself, all others similarly situated, and the
13  general public,                        **CLASS ACTION**

14              *Plaintiff*,                **COMPLAINT**

15      vs.                                 1. Failure to Provide Meal Periods (Lab. Code
                                               §§ 204, 223, 226.7, 512 and 1198);
16  BAYER U.S. LLC, a Delaware limited      2. Failure to Provide Rest Periods (Lab. Code
    liability company; BAYER CORPORATION,      §§ 204, 223, 226.7 and 1198);
17  an Indiana corporation; BAYER BUSINESS  3. Failure to Pay Hourly Wages (Lab. Code §§
    AND TECHNOLOGY SERVICES, LLC, a          223, 510, 1194, 1194.2, 1197, 1997.1 and
18  Texas limited liability company; and DOES 1   1198);
    through 50, inclusive,                  4. Failure to Provide Accurate Written Wage
19                                             Statements (Lab. Code §§ 226(a));
              *Defendants*.                 5. Failure to Timely Pay All Final Wages
20                                             (Lab. Code §§ 201, 202 and 203);
                                            6. Unfair Competition (Bus. & Prof. Code §§
21                                             17200 *et seq.*)

22                                          **JURY TRIAL DEMANDED**

23

24

25

26

27

28

COMES NOW, Plaintiff DAKOTA M. DOUGLAS ("Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendant BAYER U.S. LLC, a Delaware limited liability company; BAYER CORPORATION, an Indiana corporation; BAYER BUSINESS AND TECHNOLOGY SERVICES, LLC, a Texas limited liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

(1)      failed to provide him and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them at least minimum wage for all hours worked;

(5)      failed to pay them overtime wages at the correct rate;

(6)      failed to pay them double time wages at the correct rate;

(7)      failed to provide them with accurate written wage statements; and

(8)      failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.      Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

1 | found, maintains offices, transacts business and/or has an agent therein.

2 | **PARTIES**

3 | 4.    Plaintiff DAKOTA M. DOUGLAS is, and at all relevant times mentioned herein, an

4 | individual residing in the State of California.

5 | 5.    Plaintiff is informed and believes, and thereupon alleges that Defendant BAYER

6 | U.S. LLC is, and at all relevant times mentioned herein, a Delaware limited liability company

7 | doing business in the State of California.

8 | 6.    Plaintiff is informed and believes, and thereupon alleges that Defendant BAYER

9 | CORPORATION is, and at all relevant times mentioned herein, an Indiana corporation doing

10 | business in the State of California.

11 | 7.    Plaintiff is informed and believes, and thereupon alleges that Defendant BAYER

12 | BUSINESS AND TECHNOLOGY SERVICES, LLC is, and at all relevant times mentioned

13 | herein, a Texas limited liability company doing business in the State of California.

14 | 8.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

15 | DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

16 | Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

17 | when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

18 | fictitiously named defendants are responsible in some manner for the occurrences, acts and

19 | omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

20 | defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

21 | capacities of the DOE defendants when ascertained.

22 | 9.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

23 | mentioned herein, some or all of the defendants were the representatives, agents, employees,

24 | partners, directors, associates, joint venturers, principals or co-participants of some or all of the

25 | other defendants, and in doing the things alleged herein, were acting within the course and scope of

26 | such relationship and with the full knowledge, consent and ratification by such other defendants.

27 | 10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

28 | mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

1  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

2  acts and omissions alleged herein.

3  **CLASS ALLEGATIONS**

4      11.    This action has been brought and may be maintained as a class action pursuant to

5  Code of Civil Procedure section 382 because there is a well-defined community of interest among

6  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

7  unaware of any difficulties likely to be encountered in managing this case as a class action.

8      12.    **Relevant Time Period**:  The relevant time period is defined as the time period

9  beginning four years prior to the filing of this action until judgment is entered.

10      **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
11  and/or any other third parties in hourly or non-exempt positions in California during the
**Relevant Time Period**.

12          **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
shift in excess of five hours during the **Relevant Time Period**.

13

14          **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

15          **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
employed by Defendants in California during the period beginning one year before
16  the filing of this action and ending when final judgment is entered.

17          **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
separated from their employment with Defendants during the period beginning three
18  years before the filing of this action and ending when final judgment is entered.

19      **UCL Class**:  All Hourly Employee Class members employed by Defendants in California
during the **Relevant Time Period**.

20

21      13.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

22  right to amend or modify the class definitions with greater specificity, by further division into sub-

23  classes and/or by limitation to particular issues.

24      14.    **Numerosity**:  The class members are so numerous that the individual joinder of each

25  individual class member is impractical.  While Plaintiff does not currently know the exact number

26  of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

27  exceeds the minimum required for numerosity under California law.

28      15.    **Commonality and Predominance**:  Common questions of law and fact exist as to

all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

        A.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

        B.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

        C.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

        D.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

        E.    Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

        F.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

        G.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

        H.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

    16.    **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

    17.    **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

1  and adequately represent and protect the interests of the other class members.

2      18.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

3  they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

4  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

5  behalf of Plaintiff and absent class members.

6      19.    **Superiority:** A class action is vastly superior to other available means for fair and

7  efficient adjudication of the class members' claims and would be beneficial to the parties and the

8  Court. Class action treatment will allow a number of similarly situated persons to simultaneously

9  and efficiently prosecute their common claims in a single forum without the unnecessary

10 duplication of effort and expense that numerous individual actions would entail. In addition, the

11 monetary amounts due to many individual class members are likely to be relatively small and would

12 thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

13 Moreover, a class action will serve an important public interest by permitting class members to

14 effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

15 potential for inconsistent or contradictory judgments inherent in individual litigation.

16                              **GENERAL ALLEGATIONS**

17     20.    Plaintiff was hired and worked for Defendants as a non-exempt, hourly employee

18 from approximately on or about March 26, 2013 through May 3, 2017.

19                              **Missed Meal Periods**

20     21.    Plaintiff and the putative class members were not provided with meal periods of at

21 least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

22 scheduling each meal period as part of each work shift; (2) chronically understaffing each work

23 shift with not enough workers; (3) imposing so much work on each employee such that it made it

24 unlikely that an employee would be able to take their breaks if they wanted to finish their work on

25 time; and (4) no formal written meal and rest period policy that encouraged employees to take their

26 meal and rest periods.

27     22.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

28 provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

1  worked due to complying with Defendants' productivity requirements that required Plaintiff and

2  the putative class to work through their meal periods in order to complete their assignments on

3  time.

4                      **Meal Periods and Off-the-Clock**

5         23.    Plaintiff and the putative class were not paid all wages earned as Defendants

6  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

7  work.

8         24.    Plaintiff is informed and believes, and thereupon alleges that Defendants had a

9  policy or practice of automatically deducting one hour from each employee's work hours for a meal

10  period each workday regardless of whether that employee was able to take the entire duration of

11  those meal periods.

12         25.    Plaintiff and the putative class were required to work past their designated meal

13  period start times due to the requirements of their assignments, yet were not paid for the time

14  working as the entire duration was designated by Defendants as non-work time.

15         26.    As a result of performing off-the-clock work that was directed, permitted or

16  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for all

17  hours worked, including the time spent working past their designated meal period start times.

18  Instead, Defendants did not pay Plaintiff and the putative class for any of the time spent working

19  off-the-clock.

20         27.    Defendants knew or should have known that Plaintiff and the putative class were

21  performing work during a portion of their meal periods and should have properly recorded that time

22  as hours worked but failed to do so.

23         28.    Defendants were aware of this practice and directed, permitted or otherwise

24  encouraged Plaintiff and the putative class to perform off-the-clock work.

25         29.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

26  not paid for all hours worked.

27                         **Missed Rest Periods**

28         30.    Plaintiff and the putative class members were not provided with rest periods of at

6

least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each est period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

31.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 004, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

32.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

33.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

34.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

35.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

36.   Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

37.   Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

38.   Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

39.   At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

40.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

41.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

42.   Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

43.   Moreover, Defendants written policies do not provide that employees must take their

1  first meal period before the end of the fifth hour of work, that they are entitled to a second meal

2  period if they work a shift of over ten hours, or that the second meal period must commence before

3  the end of the tenth hour of work, unless waived.

4      44.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

5  **Class** members additional premium wages, and/or were not paid premium wages at the employees'

6  regular rates of pay when required meal periods were not provided.

7      45.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

8  and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,

9  and costs of suit.

10     46.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

11 substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

12 the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

13                    **SECOND CAUSE OF ACTION**

14                  **FAILURE TO PROVIDE REST PERIODS**

15                   **(Lab. Code §§ 204, 223, 226.7 and 1198)**

16                   **(Plaintiff and Rest Period Sub-Class)**

17     47.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

18 herein.

19     48.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

20 non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

21 Code and the applicable Wage Order.

22     49.    Section 12 of the applicable Wage Order imposes an affirmative obligation on

23 employers to permit and authorize employees to take required rest periods at a rate of no less than

24 ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be

25 in the middle of each work period insofar as practicable.

26     50.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit

27 employers from requiring employees to work during required rest periods and require employers to

28 pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

1     each workday that the employee is not provided with the required rest period(s).

2        51.     Compensation for missed rest periods constitutes wages within the meaning of Labor

3     Code section 200.

4        52.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

5     violate the Wage Order.

6        53.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

7     Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

8     with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

9     as required by the applicable Wage Order.

10       54.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

11     **Class** members additional premium wages when required rest periods were not provided.

12       55.     Specifically, Defendants written policies do not provide that employees may take a

13     rest period for each four hours worked, or major fraction thereof, and that rest periods should be

14     taken in the middle of each work period insofar as practicable.

15       56.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

16     and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

17     costs of suit.

18       57.     Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19     substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

20     **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

21                          **THIRD CAUSE OF ACTION**

22          **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

23              **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

24                 **(Plaintiff and Hourly Employee Class)**

25       58.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26     herein.

27       59.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

28     been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

1  applicable Wage Order.

2     60.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

3  which an employee is subject to the control of the employer, and includes all the time the employee

4  is suffered or permitted to work, whether or not required to do so."

5     61.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

6  employees at least the minimum wage set forth therein for all hours worked, which consist of all

7  hours that an employer has actual or constructive knowledge that employees are working.

8     62.    Labor Code section 1194 invalidates any agreement between an employer and an

9  employee to work for less than the minimum or overtime wage required under the applicable Wage

10  Order.

11     63.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

12  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

13  addition to the underlying unpaid minimum wages and interest thereon.

14     64.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

15  than the minimum wage required under the applicable Wage Order for all hours worked during a

16  payroll period.

17     65.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

18  person acting either individually or as an officer, agent or employee of another person, to pay an

19  employee, or cause an employee to be paid, less than the applicable minimum wage.

20     66.    Labor Code section 1198 makes it unlawful for employers to employ employees

21  under conditions that violate the applicable Wage Order.

22     67.    Labor Code section 204 requires employers to pay non-exempt employees their

23  earned wages for the normal work period at least twice during each calendar month on days the

24  employer designates in advance and to pay non-exempt employees their earned wages for labor

25  performed in excess of the normal work period by no later than the next regular payday.

26     68.    Labor Code section 223 makes it unlawful for employers to pay their employees

27  lower wages than required by contract or statute while purporting to pay them legal wages.

28     69.    Labor Code section 510 and Section 3 of the applicable Wage Order require

11

1  employees to pay non-exempt employees overtime wages of no less than one and one-half times

2  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

3  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

4  the seventh consecutive day of one workweek.

5    70.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

6  employers to pay non-exempt employees overtime wages of no less than two times their respective

7  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

8  worked in excess of eight hours on a seventh consecutive workday during the workweek.

9    71.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

10  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

11  to working conditions and compensation arrangements.

12    72.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

13  **Employee Class** members for all time worked, including but not limited to, overtime hours at

14  statutory and/or agreed rates.

15    73.    At all relevant times during the applicable limitations period, Defendants maintained

16  a policy or practice of automatically deducting one hour from Plaintiff's timecard on every workday

17  for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

18    74.    Plaintiff is informed and believes that, at all relevant times during the applicable

19  limitations period, Defendants maintained a policy or practice of automatically deducting one hour

20  from **Hourly Employee Class** members' timecard on every workday for a meal period, regardless

21  of whether or not **Hourly Employee Class** members were provided with a meal period.

22    75.    As a result of Defendants' policy or practice of automatically deducting one hour

23  from employees' timecards for every workday for a meal period, Plaintiff and **Hourly Employee**

24  **Class** members were required to perform off-the-clock work that Defendants either knew or should

25  have known they were working.

26    76.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

27  worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or

28  permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

1  overtime hours worked.

2      77.    Plaintiff is informed and believes that, at all relevant times during the applicable

3  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

4  **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

5  at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

6      78.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

7  **Employee Class** members all earned wages every pay period at the correct rates, including

8  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

9  **Hourly Employee Class** members to perform off-the-clock work.

10     79.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

11  members have suffered damages in an amount, subject to proof, to the extent they were not paid the

12  full amount of wages earned during each pay period during the applicable limitations period,

13  including overtime wages.

14     80.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

15  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

16  overtime wages, interest thereon and costs of suit.

17     81.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

18  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

19  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

20  ## FOURTH CAUSE OF ACTION

21  ## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

22  ### (Lab. Code § 226)

23  ### (Plaintiff and Wage Statement Penalties Sub-Class)

24     82.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25  herein.

26     83.    Labor Code section 226(a) states:

27        "An employer, semimonthly or at the time of each payment of wages, shall furnish to
           his or her employee, either as a detachable part of the check, draft, or voucher paying
28        the employee's wages, or separately if wages are paid by personal check or cash, an

accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

84.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

85.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

86.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

87.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

88.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

89.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

90.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

91.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

92.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

93.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

94.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

95.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

96.     Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

97.     Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

98.     Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

99.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

100.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

101.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

102.    California law requires employers to pay hourly, non-exempt employees for all hours

16

1  they are permitted or suffered to work, including hours that the employer knows or reasonable

2  should know that employees have worked.

3      103.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

4  SECOND and THIRD causes of action herein.

5      104.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

6      105.    Defendants have or may have acquired money by means of unfair competition.

7      106.    Plaintiff is informed and believes and thereupon alleges that by committing the

8  Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

9  216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

10  Labor Code violations alleged herein.

11      107.    Defendants have committed criminal conduct through their policies and practices of,

12  *inter alia*, failing to comport with their affirmative obligations as an employer to  provide non-

13  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

14  work period of five or more hours, by failing to provide non-exempt employees with a paid ten-

15  minute rest period for every four hours worked or major fraction thereof, and by failing to pay non-

16  exempt employees for all hours worked.

17      108.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

18  employees and entitled to the full protections of both the Labor Code and the applicable Wage

19  Order.

20      109.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

21  constitutes unfair competition within the meaning of Business and Professions Code section 17200

22  *et seq*.  Business and Professions Code sections 17200 *et seq*. protects against unfair competition

23  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

24  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

25  behalf of similarly situated persons in a class action proceeding.

26      110.    As a result of Defendants' violations of the Labor Code during the applicable

27  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

28  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

1    conduct.

2        111.    Plaintiff is informed and believes that other similarly situated persons have been
3    subject to the same unlawful policies or practices of Defendants.

4        112.    Due to the unfair and unlawful business practices in violation of the Labor Code,
5    Defendants have gained a competitive advantage over other comparable companies doing business
6    in the State of California that comply with their legal obligations.

7        113.    California's Unfair Competition Law permits civil recovery and injunctive for "any
8    unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is
9    considered unlawful under any other state or federal law.

10       114.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,
11   Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining
12   Defendants, and each of them, and their agents and employees, from further violations of the Labor
13   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek
14   an order permanently enjoining Defendants, and each of them, and their respective agents and
15   employees, from further violations of the Labor Code and applicable Industrial Welfare
16   Commission Wage Orders.

17       115.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of
18   himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully
19   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful
20   and unfair business practices.

21       116.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine
22   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover
23   reasonable attorneys' fees in connection with their unfair competition claims.

24                            **PRAYER FOR RELIEF**

25       WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief
26   and judgment against Defendants as follows:

27            (1)    An order that the action be certified as a class action;

28            (2)    An order that Plaintiff be appointed class representative;

1      (3)    An order that counsel for Plaintiff be appointed class counsel;

2      (4)    Unpaid wages;

3      (5)    Actual damages;

4      (6)    Liquidated damages;

5      (7)    Restitution;

6      (8)    Declaratory relief;

7      (9)    Pre-judgment interest;

8      (10)   Statutory penalties;

9      (11)   Civil penalties;

10     (12)   Costs of suit;

11     (13)   Reasonable attorneys' fees; and

12     (14)   Such other relief as the Court deems just and proper.

13                   **DEMAND FOR JURY TRIAL**

14     Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

15 issues so triable.

16

17 Dated: October 26, 2017          SETAREH LAW GROUP

18

19

20

21                         SHAUN SETAREH
                           Attorneys for Plaintiff

22                         DAKOTA M. DOUGLAS

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>9454 Wilshire Boulevard, Suite 907<br>Beverly Hills, California 90212<br>TELEPHONE NO.: **(310) 888-7771**   FAX NO.: **(310) 888-0109**<br>ATTORNEY FOR *(Name)*: Dakota M. Douglas | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>October 27, 2017<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy<br><br>CASE NUMBER:<br>**RG17880460** |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Alameda, California 94501
BRANCH NAME: George F. McDonald Hall of Justice

CASE NAME:
Dakota M. Douglas v. Bayer U.S. LLC

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | **Counter**  **Joinder**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case ✔ is   is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✔ Large number of separately represented parties   d. ✔ Large number of witnesses
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ✔ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence   f. ✔ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify)*: Six
5. This case ✔ is   is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 26, 2017

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum certain to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

⌐ SETAREH LAW GROUP                  ⌐
  Attn: Setareh, Shaun                        ⌐ Bayer U.S. LLC                  ⌐
  9454 Wilshire Blvd.
  Suite 907
L Beverly Hills, CA  90212____    ⌐        L                                    ⌐

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Douglas                           | No. RG17880460 |
|                   Plaintiff/Petitioner(s) | |
|         VS.                       | |
| Bayer U.S. LLC                    | NOTICE OF HEARING |
|               Defendant/Respondent(s) | |
|              (Abbreviated Title)  | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/09/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/13/2018   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
           1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.


Dated:  10/30/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By    _____
                                                                    Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

          Executed on 10/31/2017.

                                      By    _____
                                                                    Deputy Clerk

```
┌ SETAREH LAW GROUP                    ┐    ┌ Bayer U.S. LLC                     ┐
  Attn: Setareh, Shaun
  9454 Wilshire Blvd.
  Suite 907
└ Beverly Hills, CA    90212____       ┘    └                                   ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Douglas <br>                 Plaintiff/Petitioner(s) <br>      VS. <br><br> Bayer U.S. LLC <br>              Defendant/Respondent(s) <br>      (Abbreviated Title) | No. RG17880460 <br><br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 01/09/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Case Management Conference:
DATE: 02/13/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 10/30/2017                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                     By        _____
                                                         Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/31/2017.

                            By        _____
                                                 Deputy Clerk